IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LISA HAWKINS, Individually;
and LISA HAWKINS, as Guardian for her
Minor Children, AM and MM                                            PLAINTIFF

v.                              Civil No. 4:18-CV-04003

REYN BROWN, Parole Officer;
OFFICER DEAN, Hempstead County,
Arkansas; and DEBORAH MALEK,
Landlord                                                             DEFENDANTS

**ORDER**

Before the Court are two motions: a Motion to Dismiss filed by Separate Defendant Reyn Brown (ECF No. 15) and a Motion to Dismiss filed by Separate Defendant Deborah Malek (ECF No. 20). Plaintiff has responded to both motions. (ECF Nos. 26, 29). Separate Defendant Deborah Malek filed a reply to Plaintiff's response to her motion. (ECF No. 33). The Court finds these matters ripe for consideration.

**I. BACKGROUND**

Plaintiff filed her Complaint *pro se* on January 5, 2018, pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Complaint was filed individually and as guardian for her minor children. Plaintiff filed an Amended Complaint in response to this Court's order on February 1, 2018. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted on February 2, 2018. (ECF No. 7). Plaintiff asserts her claims, as well as claims on behalf of her minor children, against Defendants in both their individual and official capacities.

Plaintiff alleges that, while she was on parole from prison, Defendants unlawfully entered her home and arrested her without probable cause. Specifically, Plaintiff asserts that Separate

Defendant Deborah Malek "gave the keys to [her] house to the parole officer without a warrant or [her] permission." Plaintiff claims that her children were kicked out of her home unlawfully although she was current with her rent. Plaintiff asserts that her Fourth Amendment rights against "unreasonable search and seizure" were violated and asserts that the arresting officer violated her rights to due process, equal protection, freedom from excessive bail, and freedom from cruel and unusual punishment. Plaintiff asserts a Fifth Amendment right to a grand jury, "protection against self incrimination," and "prohibition against taking of life, liberty or property without due process of law." Finally, Plaintiff asserts that Defendants were "neglectful" because they failed to call the Arkansas Department of Human Services ("DHS") for the protection of her minor children when she was arrested.

Plaintiff seeks $500,000.00 in compensatory damages, $500,000.00 in punitive damages, and $500,000.00 in damages for mental anguish.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under section 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

### A. Claims of Minor Children

Initially the Court notes, as set forth above, that Plaintiff proceeds *pro se* and on behalf of her minor children. However, a non-attorney parent may not appear *pro se* on behalf of a minor but, instead, must be represented by counsel in bringing an action on behalf of his or her child. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curium). Accordingly, the Court finds that Plaintiff's claims on behalf of her minor children, AM and MM, should be dismissed.

### B. Separate Defendant Reyn Brown's Motion to Dismiss

In his Motion to Dismiss, Separate Defendant Reyn Brown argues that there was no unlawful entry into Plaintiff's home because Plaintiff had signed a warrantless search waiver as part of her parole. Separate Defendant Brown argues that Plaintiff's Amended Complaint states that he contacted DHS concerning Plaintiff's minor children and that she includes no facts to support a claim that he negligently failed to inform DHS about her children's whereabouts. Finally, Brown argues that with respect to any official capacity claims, he is entitled to sovereign

immunity against Plaintiff's claims for monetary damages. Likewise, Brown argues he is entitled to qualified immunity as to Plaintiff's individual capacity claims.

Plaintiff has responded to Separate Defendant Brown's motion and asserts that her due process rights were violated. She states that she was "arrested by Officer Brown" and that a "parolee is entitled to the freedom granted a parolee until the results of the hearing are known and the parole board or other authorized state agency acts." Plaintiff further states that it is not true that Officer Brown called DHS in her presence.

As set forth above, Plaintiff claims that Separate Defendant Brown unlawfully entered her home in violation of her Fourth Amendment rights. According to Plaintiff's Amended Complaint, she was on parole at the time of the alleged illegal search. However, Arkansas law requires that a person on parole agree to a waiver that allows any certified law enforcement officer to conduct a warrantless search of his or her place of residence without suspicion. Ark. Code Ann. § 16-93-106. Accordingly, the Court, taking judicial notice of the Arkansas statutory law, finds that Plaintiff's claim with respect to an illegal search by Separate Defendant Brown should be dismissed. *See McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir. 1974) (stating "the law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof").

Plaintiff next claims that her rights were violated when Separate Defendant Brown was "neglectful" in failing to contact DHS at the time of her arrest, rather than leaving her minor children with her eighteen-year-old child. The Court notes that it is well settled that negligence does not rise to the level of a constitutional violation under either the Eighth Amendment's prohibition against cruel and unusual punishment or the Fifth Amendment's Due Process Clause.

*See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Tribble v. Ark. Dept. of Human Servs.*, 77 F.3d 268, 270 (8th Cir. 1996); *Daniels*, 474 U.S. 327.

Finally, the Court also notes that Brown is entitled to sovereign immunity with respect to any claims in his official capacity because neither the State of Arkansas nor its agencies are subject to suit under section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff's official capacity claims against Brown, who is employed by a state agency, are the equivalent of a suit against the State and Eleventh Amendment immunity precludes such claims. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (Section 1983 suit could not be brought against state commissioners in their official capacities, because such suit was no different than a suit against the state itself); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment immunity bars section 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

For all of these reasons, Separate Defendant Reyn Brown's Motion to Dismiss (ECF No. 15) should be granted and Plaintiff's claims against Separate Defendant Brown should be dismissed.

**C. Separate Defendant Deborah Malek's Motion to Dismiss**

Separate Defendant Deborah Malek argues that Plaintiff's claims against her should be dismissed for failure to state a claim in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Separate Defendant Malek asserts that she is a private citizen and there are no allegations that she acted under the color of state law. Separate Defendant Malek also argues that the constitutional deprivations alleged in the Amended Complaint are not claims for which relief can be granted.

Plaintiff has responded to Separate Defendant Malek's motion. Plaintiff contends that Separate Defendant Malek violated her constitutional rights when she gave Separate Defendant Brown "the key to her home without just cause." Plaintiff also contends that Separate Defendant Malek was "neglectful" in not notifying DHS about her children. Finally, Plaintiff asserts that her Complaint should be construed liberally and that claims in tort could be present.

To determine the presence of state action, a court must examine the "record to determine whether 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987).

The facts set forth in Plaintiff's Amended Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Separate Defendant Malek. Plaintiff has not alleged any facts showing that Separate Defendant Malek was acting under color of state law during any of the events on which this lawsuit is based. Accordingly, the Court finds that Separate Defendant Malek is not a state actor and that Plaintiff has failed to plead an actionable section 1983 claim against Separate Defendant Malek.

The Court notes that Plaintiff's Response to Separate Defendant Malek's Motion states that her "complaint should be liberally construed, and could be . . . a tort claim against Miss Malek if not subject to claims for relief under 42 U.S.C. § 1983." As set forth above, although the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone*, 364 F.3d at 914. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Viewing the facts in the light most favorable to Plaintiff, the Amended Complaint fails to set forth an actionable tort claim. There are no facts to indicate that Separate Defendant Malek was a mandated reporter with a duty to report to DHS under Arkansas Code Annotated § 12-18-402. *See Mans v. Peoples Bank of Imboden*, 10 S.W.3d 885 (Ark. 2000). Further, there are no allegations that Separate Defendant Malek failed to follow proper eviction procedure and no allegations that support a claim for any property left in the rental premises after termination of the rental agreement. *See* Ark. Code Ann. § 18-16-108 ("[U]pon the voluntary or involuntary termination of any lease agreement, all property left in and about the premises by the lessee shall be considered abandoned . . . .").

For these reasons, Separate Defendant Deborah Malek's Motion to Dismiss (ECF No. 20) should be granted and Plaintiff's claims against Separate Defendant Malek should be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the claims of Plaintiff's minor children, AM and MM, should be, and hereby are, **DISMISSED**. Further, Separate Defendant Reyn Brown's Motion to Dismiss (ECF No. 15) should be and hereby is **GRANTED** and Plaintiff's claims against Separate Defendant Brown are **DISMISSED WITHOUT PREJUDICE**. Finally, Separate Defendant

7

Deborah Malek's Motion to Dismiss (ECF No. 20) should be and hereby is **GRANTED** and Plaintiff's claims against Separate Defendant Malek are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of July, 2018.

                                                      /s/ Susan O. Hickey
                                                      Susan O. Hickey
                                                      United States District Judge