IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LISA HAWKINS                                                                    PLAINTIFF

v.                                   Civil No. 4:18-cv-04003

OFFICER DEAN, Hempstead
County, Arkansas[1]                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Officer Justin Dean's Motion for Summary Judgment. (ECF No. 42). Plaintiff has not responded and her time to do so has passed.[2] The Court finds this matter ripe for consideration.

### I. BACKGROUND

In January 2017, Defendant Dean was employed as a police officer for the City of Hope, Arkansas. (ECF No. 48). On January 11, 2017, Defendant arrived at 1601 West 6th Street in Hope, Arkansas, responding to a police dispatcher reporting a disturbance at that address. (*Id.*). Upon arrival, Defendant made contact with Demarquion Sasser. (*Id.*). Sasser told Defendant that he and his mother—Plaintiff—got into a verbal argument while inside the residence. (*Id.*). Sasser

---

[1] Defendant Dean is the last remaining defendant as all other defendants were dismissed by previous order. ECF No. 34.

[2] An order was entered on December 10, 2018, directing Plaintiff to respond to the motion by December 31, 2018. (ECF No. 45). Plaintiff has not filed a response and has not requested an extension of time to respond. Furthermore, no mail has been returned as undeliverable. Plaintiff was advised that failure to comply with the Court's order to respond to the motion would result, in relevant part, in all of the facts set forth by Defendant Dean in the summary judgment papers being deemed admitted, pursuant to Local Rule 56.1(c). That being said, the Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the instant motion as a verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g.*, *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). As the Court in *Roberson* stated, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion." *Id.* Accordingly, the Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint[.] Those portions of the Defendant['s] statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

also reported that Plaintiff attempted to attack his girlfriend, at which time Sasser stood between them. (*Id.*). According to Sasser, Plaintiff grabbed him by the neck and choked him for a couple of seconds before releasing him. (*Id.*). Sasser and his girlfriend were then able to get outside the residence and call the police. (*Id.*).

Defendant attempted to make contact with Plaintiff "but she would only scream and yell" at him. (*Id.*). Plaintiff refused to answer any questions and closed the door, thereby locking Defendant out of the residence. (*Id.*). Defendant requested a criminal information check on Plaintiff from the police dispatcher, who reported that Plaintiff was on parole. (*Id.*). Defendant then contacted Reyn Brown ("Brown"), a parole officer, who came to the scene and was able to gain access to the residence. (*Id.*). Brown attempted to place Plaintiff under arrest for a parole violation, but Plaintiff failed to submit to arrest. (*Id.*). Brown called Defendant into the residence for assistance. (*Id.*). The officers then arrested Plaintiff. (*Id.*). "The reason stated for the arrest was that . . . Plaintiff had purposely created apprehension of immediate physical injury to a family or household member, which is third degree assault on a family or household member under Arkansas law." (*Id.*).

Plaintiff filed her *pro se* Complaint on January 5, 2018, pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed an Amended Complaint on February 1, 2018. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on February 2, 2018. (ECF No. 7). Plaintiff sues Defendant in his individual and official capacities. Plaintiff alleges, in relevant part, that Defendant unlawfully entered her home and arrested her without probable cause. Plaintiff asserts that her Fourth, Fifth, and Eighth Amendment constitutional rights were violated by Defendant's actions. Plaintiff, likewise, asserts that Defendant was negligent because he should have called the Department of Human Services for the protection of her minor children when she

2

was arrested. Plaintiff seeks $500,000.00 in compensatory damages, $500,000.00 in punitive damages, and $500,000.00 in damages for mental anguish. (ECF No. 4).

In the instant motion, Defendant asserts that he is entitled to summary judgment. First, he argues that he had probable cause to arrest Plaintiff and, accordingly, there was no Fourth Amendment violation. Defendant next argues that, alternatively, he is entitled to qualified immunity with respect to Plaintiff's Fourth Amendment claim. Likewise, Defendant argues that he is entitled to summary judgment with respect to Plaintiff's Eighth Amendment claim for excessive bail because there is no evidence that he had any role in the setting of Plaintiff's bail. Finally, Defendant argues that Plaintiff has set forth no evidence of an unconstitutional policy, practice, or custom of the City of Hope, Arkansas, to support her official capacity claims and that, therefore, summary judgment is warranted on those claims.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is

insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Title 42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under section 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional—mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

#### A. Fourth Amendment Claim

As set forth above, Plaintiff claims that Defendant unlawfully entered her home and arrested her in violation of her Fourth Amendment rights.

The Fourth Amendment guarantees citizens a right not to be arrested absent the existence of probable cause. *Hill v. Scott*, 349 F.3d 1068, 1072 (8th Cir. 2003) (citing *Habiger v. City of Fargo*, 80 F.3d 289, 297 (8th Cir. 1996)). "The Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan*, 443 U.S. 137, 142-43 (1979) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)).

According to Plaintiff's Amended Complaint, she was on parole at the time of the alleged incident. Arkansas law requires that a person on parole agree to a waiver that allows any certified law enforcement officer to conduct a warrantless search of his or her place of residence without suspicion. Ark. Code Ann. § 16-93-106. The Court takes judicial notice of Arkansas statutory laws. *See McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir. 1974) (stating "the law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof").

Further, Defendant argues that he had probable cause to arrest Plaintiff based on the statement by Plaintiff's son—Demarquion Sasser—that she had "grabbed him by the neck and choked him for a couple of seconds." (ECF No. 48). It is a felony under Arkansas law if "under circumstances manifesting extreme indifference to the value of human life . . . [a person] purposely" impedes or prevents "the respiration of a family or household member . . . by applying pressure on the throat or neck." Ark. Code Ann. § 5-26-306(a)(3). A law enforcement officer may arrest a person without a warrant if the officer has reasonable cause to believe that such a person has committed a felony. Ark. R. Crim. P. 4.1(a)(i); *see also Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016) ("An officer may make an arrest if a credible eyewitness claims to have seen the suspect commit the crime.") (internal citations omitted).

Accordingly, the record reflects that, pursuant to Arkansas law, Defendant lawfully entered Plaintiff's residence. Likewise, the Court finds that Defendant had probable cause to arrest Plaintiff based on her son's accusations that she had choked him. Therefore, the Court finds that Defendant is entitled to summary judgment on Plaintiff's Fourth Amendment individual capacity claim.[3]

---

[3] Having found the facts do not make out a constitutional violation, there is no need to reach the issue of qualified immunity. *See Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009).

### B. Eighth Amendment Claim

Plaintiff further asserts that her Eighth Amendment rights were violated, stating that she was subjected to "excessive bail and cruel and unusual punishment." (ECF No. 4). However, there is no evidence in the record that Defendant had any role in the setting of Plaintiff's bail. Accordingly, Defendant is entitled to summary judgment on Plaintiff's bail-related claim. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (claim concerning bail was properly dismissed where none of defendants set bail).

### C. Official Capacity Claims

As previously stated, Plaintiff has also sued Defendant in his official capacity concerning her Fourth, Fifth, and Eighth Amendment claims. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendant are treated as claims against the City of Hope. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). "[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish any liability on the part of the City of Hope under section 1983, "[P]laintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff fails to allege that any policy, custom, or practice of Defendant's employer, the City of Hope, Arkansas, violated her constitutional rights. For that reason, summary judgment should be granted with respect to all official capacity claims against Defendant.

**D. Negligence Claims**

Defendant does not move for summary judgment on Plaintiff's negligence claim. However, the Court has considered this issue and notes that it is well settled that negligence does not rise to the level of a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Daniels*, 474 U.S. at 330; *Tribble v. Ark. Dep't. of Human Servs.*, 77 F.3d 268, 270 (8th Cir. 1996). Accordingly, Defendant's allegedly negligent actions do not give rise to any constitutional claim.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court shall dismiss an IFP proceeding "at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." In light of the above conclusion, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted in regard to Defendant's allegedly negligent actions. Accordingly, the Court finds that Plaintiff's negligence claims against Defendant are subject to dismissal. *See Neitzzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining the reasoning behind *sua sponte* dismissals as allowed by the *in forma pauperis* statute).

**E. Fifth Amendment Claim**

Defendant, likewise, does not move for summary judgment on Plaintiff's Fifth Amendment claims. However, the Court has also considered this issue and finds that dismissal is warranted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Although Plaintiff's Amended Complaint alleges that her Fifth Amendment due process rights were violated, she fails to set forth any facts

that support that claim. Therefore, the Court finds that Plaintiff's individual capacity Fifth Amendment claims against Defendant are subject to dismissal.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Dean's Motion for Summary Judgment (ECF No. 42) should be and hereby is **GRANTED**.  Accordingly, Plaintiff's individual and official capacity claims against Defendant Dean for alleged Fourth and Eighth Amendment violations are **DISMISSED WITH PREJUDICE**. Likewise, as stated above, Plaintiff's Fifth Amendment and negligence claims also warrant dismissal and are hereby **DISMISSED WITHOUT PREJUDICE**. A judgment consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 14th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge